UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELITE-WEILER POOLS, INC.,

    Plaintiff,

v.                            Case No.:   2:23-cv-1022-SPC-NPM

ARCH INSURANCE COMPANY
and ASTRA CONSTRUCTION
SERVICES, LLC,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Elite-Weiler Pools, Inc.'s Complaint. (Doc. 1). Plaintiff sues Defendants Arch Insurance Company and Astra Construction Services, LLC for breach of contract and nonpayment under Florida Statute § 255.05. But the Court must dismiss the Complaint without prejudice for lack of subject matter jurisdiction.

Federal courts have limited jurisdiction and must ask about their jurisdiction sua sponte when it is lacking. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). A plaintiff filing in federal court "must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268-69 (11th Cir. 2013).

If a court has no jurisdiction, it "must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Plaintiff cites diversity jurisdiction as the basis for subject matter jurisdiction. A court has such jurisdiction (1) if the parties are citizens of different states; and (2) the amount in controversy exceeds $75,000. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). Here, Plaintiff has not sufficiently pled Defendant Astra's citizenship.

For a limited liability company, like Astra, it is a citizen of every state in which one of its members is domiciled. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004). And each LLC member must be diverse from the opposing party. *Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224-25 (11th Cir. 2013).

The Complaint identifies Astra's "Manager" as Astra Group, LLC, whose members are Ian Lindsay and Andrew Lindsay. (Doc. 1 at 3). According to the Complaint, both are "residents of Georgia." (Doc. 1 at 3). But residency is not enough to prove citizenship. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). Rather, citizenship is determined by the person's "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293

F.3d 1254, 1257-58 (11th Cir. 2002).  So Plaintiff cannot rely on Ian Lindsay's and Andrew Lindsay's residencies to show their citizenships.  The Court thus dismisses the Complaint for lack of subject matter jurisdiction.

Accordingly, it is

**ORDERED:**

1. The Complaint (Doc. 1) is **DISMISSED without prejudice.**

2. Plaintiff Elite-Weiler Pools, Inc. may file an amended complaint on or before **November 28, 2023**.  **Failure to do so may result in the Court closing this action without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on November 15, 2023.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record