UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELITE-WEILER POOLS, INC.
D/B/A ELITE COMMERCIAL
POOLS AND FOUNTAINS,

Plaintiff,

v. Case No.: 2:23-cv-1022-SPC-NPM

ARCH INSURANCE COMPANY
and ASTRA CONSTRUCTION
SERVICES, LLC,

Defendants.

---

**OPINION AND ORDER**

Before the Court is Plaintiff Elite Weiler Pools, Inc.'s Motion to Lift Stay to Confirm Arbitration Award and Enter Final Judgment Against Defendants Arch Insurance Company and Astra Construction Services, LLC. (Doc. 27). Defendants responded in opposition and filed a motion to vacate the award (Doc. 29) but subsequently withdrew both their opposition and motion. (Doc. 34). So the Court treats Plaintiff's motion as unopposed. For the below reasons, the Court grants Plaintiff's motion.

Defendant Astra Construction Services LLC entered into a construction contract with Collier County for the Big Corkscrew Island Regional Park in Naples, Florida ("Project"). (Doc. 8 ¶ 8). Astra subcontracted Plaintiff to

perform various services for the Project. Plaintiff sued Defendants for breach of the subcontract based on nonpayment for labor, materials, and services Plaintiff furnished to Defendants.

The parties jointly moved to stay pending mediation and arbitration to be administered by the American Arbitration Association ("AAA"), requesting this Court reserve jurisdiction to confirm the award. (Doc. 15). On December 22, 2023, the Court entered an Order staying this action and compelling arbitration. (Doc. 16).

The arbitration panel ruled in Plaintiff's favor. In the panel's initial award, it determined Plaintiff to be the prevailing party entitled to recover damages, attorney's fees, and costs. (Doc. 27-1 ¶ 13). The panel issued a final award, finding Defendants to be liable to Plaintiff for the sum of $1,521,588.73, plus interest at the Florida statutory rate beginning May 21, 2026. (Doc. 27-2 ¶¶ 15.1–15.8). Plaintiff now moves the Court to confirm the arbitration award and enter judgment in its favor.

The Federal Arbitration Act ("FAA") "imposes a heavy presumption in favor of confirming arbitration awards" [therefore,] "a court's confirmation of an arbitration award is usually routine or summary." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288 (11th Cir. 2002) (citation omitted). The FAA also provides that "upon application of any party to the arbitration, the court must confirm the arbitrator's award unless it is vacated, modified, or corrected in

accordance with sections 10 and 11 of the statute." *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010) (citing 9 U.S.C. § 9). The arbitration panel's final award has not been vacated, modified, or corrected, and Defendants have not opposed confirmation on any of these grounds. The Court therefore confirms the arbitration award.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion to Lift the Stay to Confirm Arbitration Award and Enter Final Judgment (Doc. 27) is **GRANTED**.
2. The Stay is lifted. The Clerk is **DIRECTED** to remove the stay flag.
3. The final arbitration award is **CONFIRMED**.
4. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff in the amount specified in the final arbitration award.
5. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on July 27, 2026.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record